# NO. 12-22-00168-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *LAZY W CONSERVATION DISTRICT,* **APPELLANT** | § | *APPEAL FROM THE 3RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *ARLIS A. JONES,* **APPELLEE** | § | *HENDERSON COUNTY, TEXAS* |

## *PER CURIAM ORDER*

Lazy W Conservation District appeals from a judgment of May 20, 2022. The reporter's record was originally due on July 23, 2022. On July 25, 2022, Reporter Beverly Dixon filed a motion for extension of time to file the reporter's record and the motion was granted to August 5. On August 8, Dixon filed a second motion for extension of time to file the record and the motion was granted to August 17. On August 18, the Clerk of this Court notified Dixon that the reporter's record was past due and gave Dixon until August 29 to file the record. On August 18, Dixon filed a third motion for extension of time to file the record, requesting an extension to August 29. On August 18, counsel for Lazy W filed a response to Dixon's third motion, in which it opposed further extensions and expressed concern that Dixon may have lost notes or records pertinent to the appeal. On August 24, this Court requested that Dixon respond to Lazy W's objection by August 29. Dixon did not file a response by the deadline.

On August 31, this Court overruled Dixon's third motion for extension and ordered that Reporter Dixon file the record on or before September 12. On September 1, Dixon filed a late response to Lazy W's objection, in which she described experiencing repeated daily telephone calls and "venom and hatefulness" from Lazy W's counsel. In response, Lazy W's counsel labeled Dixon's allegations as "fiction." On September 12, Dixon filed a fourth motion for extension of time to file the reporter's record and requested until September 15 to file the record.

No record was filed by September 15, and this Court overruled Dixon's fourth motion on September 19. On September 19, this Court notified Dixon that the matter had been referred to the Court for further action. On September 22, this Court issued an Order to Appear and Show Cause to Dixon.

On October 24, the hearing on this Court's Order to Appear and Show Cause was held, at which Dixon appeared in person and with her counsel, Mr. Jeff Coe. This Court found Dixon in contempt for violating our order of August 31 and ordered Dixon be arrested and confined to the Smith County Jail for such violation until she purged herself of the contempt by preparing and filing with the Clerk of this Court the complete reporter's record in legible form as required by the Supreme Court. This Court's commitment order required that Dixon file volumes two and four of the record by noon on October 25 and gave Dixon until 1:00 p.m. on October 31 to file the complete record. We ordered that "Dixon shall report to the Smith County Jail … at 1:00 p.m. on October 31, 2022, and each day thereafter, excluding Saturdays and Sundays, with all equipment necessary to complete the reporter's record in cause number 12-22-00168-CV, and shall work on the referenced record from 8:00 a.m. until 5:00 p.m. until the referenced record is complete." We explained that "[t]he record shall be deemed complete when it is presented in legible format, and accepted and filed by the Clerk of this Court" and that "[a]fter the complete record is presented in legible format, Reporter Dixon shall continue to report to the Smith County Jail until she receives notification from the Court that the record has been accepted and filed."

Dixon untimely filed volume two of the record on October 25 at 1:43 p.m. and untimely filed volume four on October 27 at 4:02 p.m. It is this Court's understanding the volume one consists of the master index, volume three consists of deposition testimony and live testimony, and volume five consists of trial exhibits. On November 2, 2022, Mr. Coe filed a letter with this Court, in which he explained that other court reporters were assisting Dixon with preparation of the record and were able to complete the deposition testimony for volume three. But he further explained that one of the assisting reporters discovered that "the content of the live testimony is … as if a two year old was typing on the machine. It is unintelligible." Based on this letter, this Court determined that Dixon would be unable to complete the record and we ordered her released from confinement in the Smith County Jail.

The Texas Rules of Appellate Procedure provide that, when the reporter's record is lost or destroyed, an appellant is entitled to a new trial under the following circumstances:

> (1) if the appellant has timely requested a reporter's record;
> (2) if, without the appellant's fault, a significant exhibit or a significant portion of the court reporter's notes and records has been lost or destroyed or--if the proceedings were electronically recorded--a significant portion of the recording has been lost or destroyed or is inaudible;
> (3) if the lost, destroyed, or inaudible portion of the reporter's record, or the lost or destroyed exhibit, is necessary to the appeal's resolution; and
> (4) if the lost, destroyed or inaudible portion of the reporter's record cannot be replaced by agreement of the parties, or the lost or destroyed exhibit cannot be replaced either by agreement of the parties or with a copy determined by the trial court to accurately duplicate with reasonable certainty the original exhibit.

TEX. R. APP. P. 34.6(f). "By written stipulation filed with the trial court clerk, the parties may agree on the contents of the appellate record." TEX. R. APP. P. 34.2. "An agreed record will be presumed to contain all evidence and filings relevant to the appeal." *Id*.

Accordingly,

It is ORDERED that the Honorable Christi J. Kennedy[1] shall, in accordance with Texas Rule of Appellate Procedure 34.6(e)(2), conduct a hearing, **on or before November 16, 2022**, and make written findings of fact as to whether a portion of the record has been lost or destroyed. If the trial court finds the record to be lost or destroyed, the trial court shall determine whether (1) without Appellant's fault, a significant portion of the record has been lost or destroyed and, if so, whether the missing portion of the record is necessary to the appeal's resolution, (2) the missing portion of the record can be replaced by stipulation or agreement of the parties, and (3) Appellant is entitled to a new trial under Rule 34.6(f).

It is FURTHER ORDERED that a supplemental clerk's record including the trial court's written findings, along with any supporting documentation and orders, be certified to this Court **on or before November 21, 2022**.

It is FURTHER ORDERED that the court reporter file a reporter's record of the hearing **on or before November 23, 2022**.

**WITNESS** the Honorable James T. Worthen, Chief Justice of the Court of Appeals, 12th Court of Appeals District of Texas, at Tyler.

---

[1] The Honorable Christi J. Kennedy is a retired Judge for the 114th District Court in Smith County, Texas, sitting by assignment.

**GIVEN UNDER MY HAND AND SEAL OF SAID COURT**, at my office this 2nd day of November 2022, A.D.



By: _Katrina McClenny_
KATRINA MCCLENNY, CLERK